﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 191104-46939
DATE: August 31, 2020

ORDER

Entitlement to service connection for paralytic lagophthalmos, left eye lower lid, due to orbital trauma is granted.

REMANDED

Entitlement to service connection for dry eye syndrome is remanded.

Entitlement to service connection for vitreomacular adhesion, left eye, due to orbital trauma is remanded.

Entitlement to service connection for vitreous opacities, left eye, due to orbital trauma is remanded.

FINDING OF FACT

The AOJ found that the Veteran has a current diagnosis of paralytic lagophthalmos, left lower eyelid. It is just as likely as not the Veteran’s paralytic lagophthalmos, left eye lower lid, is related to or the result of his active military service.

CONCLUSION OF LAW

The criteria for entitlement to service connection for paralytic lagophthalmos, left eye lower lid, have been met. 38 U.S.C. § 1110 (2012); 38 C.F.R. § 3.303, 3.307, 3.309(a) (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1970 to November 1971.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran selected the Hearing lane when submitting his November 2019 VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)).

In a February 2020 letter to VA, the Veteran withdrew his request for a Board hearing.

Pursuant to 38 C.F.R. § 20.302(b), if a claimant commences an AMA appeal and initially selects the hearing lane but withdraws his/her hearing request before the hearing is held, the Board adjudicates the claimant’s challenges by issuing a decision based on a review of the evidence that is of record at the time of the underlying decision by the agency of original jurisdiction (AOJ), as well as the evidence submitted within 90 days following receipt of the claimant’s request for withdrawal.

1. Entitlement to service connection for paralytic lagophthalmos, left eye lower lid, due to orbital trauma

Service connection may be granted for a disability resulting from disease or injury incurred or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). In general, service connection requires (1) evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 382 F.3d 1163, 1167 (Fed. Cir. 2004).).

The Veteran asserts entitlement to service connection for paralytic lagophthalmos. Specifically, the Veteran contends that his paralytic lagophthalmos stems from orbital trauma sustained during service. See October 2019 Notice of Disagreement.

In the June 2019 rating decision, the AOJ found that the Veteran has a current diagnosis of paralytic lagophthalmos. See May 2019 private treatment record; see also October 2019 VA examination. 

The question in this case is whether a causal relationship or nexus exists between the Veteran’s paralytic lagophthalmos and his active service.

A review of the Veteran’s service treatment records (STRs) shows a left zygomatic fracture in February 1971. See June 1971 STR. 

The Veteran has submitted a September 2019 Eye Conditions Disability Benefits Questionnaire (DBQ). Diagnoses of wet macular degeneration, dry macular degeneration, dry eyes, and paralytic lagophthalmos were noted. No etiology opinion was provided. 

The Veteran was afforded a VA examination in October 2019. The VA examiner noted diagnoses of paralytic lagophthalmos, age related macular degeneration, age related cataracts, and dry eye syndrome. Following an ophthalmological examination, the VA examiner opined that the Veteran’s paralytic lagophthalmos is at least as likely as not incurred in or caused by the claimed in-service injury, event, or illness. In support of this opinion, the VA examiner reasoned that the Veteran received an orbital trauma in 1971 with subsequent surgical repair and that it is more likely than not that the paralytic lagophthalmos is due to the in-service injury.

Given the diagnosis of paralytic lagophthalmos during the claim period, the positive etiological opinion, and no etiological opinion to the contrary, the Board finds that service connection for paralytic lagophthalmos is warranted.

REASONS FOR REMAND

1. Entitlement to service connection for dry eye syndrome is remanded.

The Veteran asserts entitlement to service connection for dry eye syndrome, left eye. See October 2019 Notice of Disagreement.

RO favorable finding-private treatment records show a diagnosis of dry eye syndrome of bilateral lacrimal glands. See May 2019 private treatment record.

A review of the Veteran’s service treatment records (STRs) shows a left zygomatic fracture in February 1971. See June 1971 STR. Furthermore, the Veteran complained of vision problems in April 1970. See April 1970 STR. 

The Veteran has submitted a September 2019 Eye Conditions Disability Benefits Questionnaire (DBQ). Diagnoses of wet macular degeneration, dry macular degeneration, dry eyes, and paralytic lagophthalmos were noted. No etiology opinion was provided. 

The Veteran was afforded a VA examination in October 2019. The VA examiner noted diagnoses of paralytic lagophthalmos, age related macular degeneration, age related cataracts, and dry eye syndrome. No etiology opinion was provided for the Veteran’s dry eye syndrome.

While the Veteran was afforded a VA examination, no etiology opinion was provided. As such, in order to correct a predecisional duty to assist error, a new VA examination is warranted in order to complete address the nature and etiology of his dry eye syndrome.

2. Entitlement to service connection for vitreomacular adhesion, left eye, due to orbital trauma is remanded.

The Veteran asserts entitlement to service connection for vitreomacular adhesion, left eye. Specifically, the Veteran contends that his paralytic lagophthalmos stems from orbital trauma sustained during service. See October 2019 Notice of Disagreement.

RO favorable finding-private treatment records show a diagnosis of vitreomacular adhesion, left eye. See May 2019 private treatment record.

A review of the Veteran’s service treatment records (STRs) shows a left zygomatic fracture in February 1971. See June 1971 STR. Furthermore, the Veteran complained of vision problems in April 1970. See April 1970 STR. 

The Veteran has submitted a September 2019 Eye Conditions Disability Benefits Questionnaire (DBQ). Diagnoses of wet macular degeneration, dry macular degeneration, dry eyes, and paralytic lagophthalmos were noted. No etiology opinion was provided. 

The Veteran was afforded a VA examination in October 2019. The VA examiner noted diagnoses of paralytic lagophthalmos, age related macular degeneration, age related cataracts, vitreal macular adhesions, and dry eye syndrome. 

While the Veteran was afforded a VA examination, no etiology opinion was provided. As such, in order to correct a predecisional duty to assist error, a new VA examination is warranted in order to complete address the nature and etiology of his vitreomacular adhesion.

3. Entitlement to service connection for vitreous opacities, left eye, due to orbital trauma is remanded.

The Veteran asserts entitlement to service connection for vitreous opacities, left eye. Specifically, the Veteran contends that his paralytic lagophthalmos stems from orbital trauma sustained during service. See October 2019 Notice of Disagreement.

RO favorable finding-private treatment records show a diagnosis of vitreous opacities, bilaterally. See May 2019 private treatment record.

A review of the Veteran’s service treatment records (STRs) shows a left zygomatic fracture in February 1971. See June 1971 STR. Furthermore, the Veteran complained of vision problems in April 1970. See April 1970 STR. 

The Veteran has submitted a September 2019 Eye Conditions Disability Benefits Questionnaire (DBQ). Diagnoses of wet macular degeneration, dry macular degeneration, dry eyes, and paralytic lagophthalmos were noted. No etiology opinion was provided. 

The Veteran was afforded a VA examination in October 2019. The VA examiner noted diagnoses of paralytic lagophthalmos, age related macular degeneration, age related cataracts, vitreal macular adhesions, and dry eye syndrome. 

While the Veteran was afforded a VA examination, no vitreous opacity diagnosis was noted. However, the May 2019 private treatment record notes a vitreous opacity diagnosis. As such, in order to correct a predecisional duty to assist error, a new VA examination is warranted in order to complete address the nature and etiology of any potential vitreomacular adhesion.

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine whether it is at least as likely as not (50 percent probability or greater) that any current disabilities of the left eye are related to an in-service injury, event, or disease. In offering the opinion, the examiner is asked to consider service treatment records showing that the Veteran sustained a left zygomatic fracture in February 1971.

The examiner should elicit a full history from the Veteran and consider the lay statements of record. The Veteran is competent to attest to factual matters of which he has first-hand knowledge, and if there is a medical basis to support or doubt the history provided by the Veteran the examiner should provide a fully reasoned explanation.

A rationale for all opinions expressed is requested as the Board is precluded from making any medical findings.

 

 

KRISTI L. GUNN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. C. Slaughter, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.